

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-75,918

### EX PARTE BRYAN WHEELER AIKEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 30557A IN THE 18th DISTRICT COURT
### FROM JOHNSON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to twenty-five years' imprisonment.

Applicant contends, *inter alia*, that he is being improperly denied a preliminary revocation hearing.

Based on documentation provided by the parole division of the Texas Department of Criminal Justice, the Applicant has not been given a preliminary revocation hearing because he

allegedly has pending criminal charges in Tarrant County, Texas. However, this Court has held that, even if a parolee has new charges pending, he is still entitled, under *Gov't Code* § 508.2811, to a preliminary hearing within a reasonable time to determine whether probable cause or reasonable grounds exist which show that he violated the conditions of his parole. *Ex parte Cordova*, 235 S.W.3d 735 (Tex. Crim. App. 2007). The Court also held in *Cordova* that due process requires that a preliminary hearing be held as promptly as convenient after a parolee has been arrested to determine whether there is probable cause or reasonable grounds to believe that the arrested parolee has committed the acts that would constitute a violation of parole conditions.[1]

We find that Applicant has not been given a preliminary hearing within a reasonable time and order the Texas Department of Criminal Justice, Parole Division to give Applicant a preliminary hearing within thirty (30) days of the issuance of this opinion.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Parole Divisions.


Delivered: May 14, 2008
Do not publish

---

[1] Citing to *Morrissey v. Brewer,* 408 U.S. 471, 485, 92 S.Ct. 2593, 2602 (1972).